IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff

v.

[1] HÉCTOR ROBLES-OLIVO,

Defendant

CRIMINAL 10-0204 (ADC)

ORDER OF DETENTION PENDING TRIAL

As the result of a random secondary search of his carry-on suitcase, conducted by TSA personnel at the San Juan International Airport on May 27, 2010, the defendant was arrested before boarding a flight to Orlando, Florida. That search revealed eight brick-shaped packages the contents of which were field-tested and proved positive for cocaine. The defendant made both inculpatory and exculpatory statements on that day. After his initial appearance, an order of temporary detention was issued.

On June 2, 2010, the defendant was indicted and charged with knowingly and intentionally possessing with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(ii). He was also charged with knowingly and intentionally conspiring, combining and agreeing with others unknown to commit an offense

against the United States, that is, to knowingly and intentionally possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. § 846. (Docket No. 7.) After a detention hearing held on June 10, 2010, an order of detention pending trial was issued based upon the finding that the defendant is a serious risk of flight. (Docket Nos. 10, 12.)

On June 18, 2010, the defendant moved for reconsideration of the order of detention. (Docket No. 13.) In a thoughtful motion, he argues that the court should consider more favorably factors which reflect that he is not a risk of flight, such as his history of paying income tax, his five underage children living in this jurisdiction, and his mother, brother and common-law wife also living in this jurisdiction. It is also stressed that he has lived in Puerto Rico for the last 18 years and that he thus has strong family ties to the community. His mother is willing to post her home as bond, which home has an equity of about $80,000. He has never been convicted of a violent crime, but rather a non-violent crime, (theft of a motor vehicle). The United States responded in opposition to the motion for reconsideration on June 29, 2010. (Docket No. 16.) The United States argues that the evidence proffered by the defendant presents no new information within the meaning of 18 U.S.C. § 3142(f), and that the presumption of risk of flight has been met and has not been rebutted by the defendant at the bail

hearing or upon reconsideration. The United States stresses that it presented information at the hearing sufficient to show that the defendant is both a risk of flight and a danger to the community and that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. Such factors include the nature and circumstance of the offenses charged, the weight of the evidence against the defendant, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community if the defendant is released. The United States notes that the defendant almost managed to evade airport security since he was stopped by TSA personnel not at the passenger X-ray area but rather at the departure gate. Upon being stopped, he used a cellular phone to call someone to say that "they caught me."

Under 18 U.S.C. § 3141 et seq., judicial officers are required to release defendants arrested for federal offenses on personal recognizance or an unsecured appearance bond, 18 U.S.C. § 3142(b); set the least restrictive conditions necessary to ensure defendants' appearance at all court proceedings, 18 U.S.C. § 3142(c); or under the Bail Reform Act, upon motion of the government, and finding by the court of, *inter alia*, flight risk, and/or dangerousness to any person or to the community, order the defendants detained without bond. 18 U.S.C. § 3142(e).

In order to rebut the presumption that there are no conditions or combinations of conditions which will reasonably assure the appearance of the defendant as required, the defendant has presented "some evidence" to show that "what is true in general is not true in [his] particular case . . . . " United States v. Shojael, 2010 WL 2465559, at *2 (D.N.H. June 10, 2010) (quoting United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985)). The burden is one of production, not persuasion. United States v. Jessup, 757 F.2d at 380-81. The remaining strength of the rebuttable presumption is considered along with the other relevant factors in 18 U.S.C. § 3142(g). United States v. Palmer-Contreras, 835 F.2d 15, 18 (1st Cir. 1987); see United States v. Hilario-Reyes, 218 F. Supp. 2d 185, 187 (D.P.R. 2002); see also United States v. Santana Burgos, 176 F. Supp. 2d 106, 108 (D.P.R. 2001). While I did not consider the defendant presumptively dangerous, 18 U.S.C. § 3142(e) presumes dangerousness. The Congress felt that a significant consideration in determining danger to the community is the drug network's ability to continue to function while the defendants await trial and that there is a significant risk of pretrial recidivism. S. Rep. No. 98-225, 98th Cong., 42d Sess. 20, reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3203.

Notwithstanding the additional proffer made by the defense, what is true in general has not been proven to be untrue in specific. "Conspiracy in federal law

aggravates the degree of crime over that of unconcerted offending." Krulewitch v. United States, 336 U.S. 440, 449 (1949). A collective criminal agreement, a partnership in crime, presents greater threats to the public than individual criminality. Jeffers v. United States, 432 U.S. 137, 157 (1977); Iannelli v. United States, 420 U.S. 770, 778 (1975); Callanan v. United States, 364 U.S. 587, 593 (1961); United States v. Doherty, 867 F.2d 47, 61 (1st Cir. 1989). I have considered all of the alternatives to pretrial detention but find them lacking. The particular drug distribution enterprise of which the defendant is probably a part entails air transportation and distribution, and his role, while appearing trivial as a brick-laden courier, is essential for this major enterprise to succeed. The defendant lived in the Dominican Republic for 18 months before he was 20. He has been unemployed this year and is living on savings. His work history is sketchy at best. He has had an on-and-off relationship with his consensual partner for the last eleven years and pays child support for two children from a previous consensual relationship. He pays $80 bi-weekly for the three children from his present consensual relationship and $142 bi-weekly for the two from his previous one. His relationships do not reflect strong family ties.

In view of the above, I find that the defendant has failed to rebut the presumption established by 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure his appearance as required. He will be

detained pending trial based upon the probable cause determination of the grand jury, the nature and circumstances of the offenses charged, the strength of the government's case, the severity of the penalties the defendant faces, and the failure to successfully rebut the presumption mentioned above. See 18 U.S.C. § 3142(f).

It is ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is further ORDERED that the defendant be afforded reasonable opportunity to consult with his attorney in private. It is further ORDERED that on order of the court, or on request of the attorney for the government, the person in charge of the corrections facility in which the defendant is being confined, deliver him to the United States Marshal, or his deputy, for the purpose of an appearance in connection with any proceeding.

In San Juan, Puerto Rico, this 1st day of July, 2010.

S/ JUSTO ARENAS
Chief United States Magistrate Judge